IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-00087-RLV
(5:09-cr-00026-RLV-DSC-1)

| | |
|---|---|
| DARAY ROMEZ WALLER, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to hold this case in abeyance, (Doc. No. 7), and his motion for relief from the order dismissing his pro se motion to vacate which he filed pursuant to 28 U.S.C. § 2255. (Doc. No. 8).

On May 19, 2009, Petitioner was indicted on one count of conspiracy to possess with the intent to distribute and the distribution of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Following the return of the indictment, the Government filed notice of its intention to seek enhanced penalties pursuant to 21 U.S.C. § 851, based on two prior controlled substance offenses: a 2002 conviction for the sale or distribution of marijuana, and a 2005 conviction for possession with intent to distribute cocaine, both of which were sustained in Virginia. On July 2, 2009, Petitioner pleaded guilty pursuant to a written plea agreement.

In Petitioner's presentence report (PSR), the probation officer included the prior convictions that were noticed by the Government. Petitioner was sentenced to 5-days in prison on the marijuana conviction and a term of 37-months' imprisonment on the cocaine distribution conviction. (5:09-cr-00026, Doc. No. 25: PSR ¶¶ 25-26). The probation officer concluded that

1

these drug convictions qualified Petitioner as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines Manual (USSG) (2009). According to the PSR, Petitioner was subject to a statutory term of no less than 10 years nor more than life imprisonment and Petitioner's Guidelines range as a career offender was 262 to 327-months' imprisonment. (Id. ¶¶ 49-50). At sentencing, the Court granted the Government's motion for downward departure based on substantial assistance and he was sentenced to a below-Guidelines term of 188-months in prison. Petitioner did not appeal.

In his § 2255 collateral proceeding, Petitioner challenged his designation as a career offender contending it was now erroneous in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Specifically, Petitioner argued that his 2002 conviction for the possession of marijuana, for which he was sentenced to five days in prison, no longer qualified as a felony.

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense under the [Controlled Substances Act], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

This Court rejected Petitioner's arguments and dismissed his § 2255 motion. Petitioner

then filed a motion to hold the case in abeyance pending resolution of a case pending on appeal out of the Eastern District of North Carolina: United States v. Thompson, 826 F. Supp. 2d 863 (E.D.N.C. 2011). This decision has since been vacated and remanded by the Fourth Circuit. The Circuit Court held that the actual sentence imposed by the sentencing court was irrelevant when considering whether the predicate conviction subjected the defendant to more than one year in prison; rather, the relevant inquiry was whether the defendant faced a potential sentence in excess of one year. United States v. Thompson, 480 F. App'x 201 (4th Cir. 2012). Because this case has already been decided, and not in Petitioner's favor, the motion to hold the case in abeyance will be dismissed as moot.

In Petitioner's motion for relief from judgment, he again challenges his designation as a career offender. (5:12-cv-00087, Doc. No. 8). Petitioner's motion will be denied. See United States v. Foote, 784 F.3d 931 (4th Cir.), cert. denied, 135 S. Ct. 2850 (2015) (finding erroneous classification as career offender, at least under advisory Sentencing Guidelines, is "not a fundamental defect that inherently results in a complete miscarriage of justice."). Id. at 940.

For the foregoing reasons, Petitioner's post-judgment motions will be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to hold this case in abeyance is **DISMISSED AS MOOT**. (Doc. No. 7).

**IT IS FURTHER ORDERED** that Petitioner's motion for relief from judgment is **DENIED**. (Doc. No. 8).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-

El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED**.

Signed: July 27, 2016

Richard L. Voorhees
United States District Judge